UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MENION MARQUIS SAMUELS, Institutional ID No. 65190, <br><br> Plaintiff, <br><br> v. <br><br> SGT. HENRY, et al., <br><br> Defendants. | No. 1:23-CV-00132-H |

### ORDER ACCEPTING IN PART THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Specifically, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims for compensatory damages and his individual-capacity claims for violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA). The Magistrate Judge concluded that Plaintiff's other claims—including his official-capacity RLUIPA claims and his claims under the Establishment, Free Exercise, and Equal Protection Clauses—survived screening. So, the Magistrate Judge recommended that the Court proceed with service of process on these claims, requiring answers from all defendants. No objections were filed. The District Court made an independent examination of the record in this case and reviewed the Magistrate Judge's report for plain error.

The Court accepts in part the findings, conclusions, and recommendation of the United States Magistrate Judge. As explained below, after reviewing the pleadings in this case, the Court finds that Plaintiff has failed to state a viable claim against 30 John Doe

defendants. Thus, the Court declines the Magistrate Judge's recommendation to proceed to service of Taylor County on behalf of the John Doe defendants in this case and instead dismisses the Doe defendants from the case. Otherwise, the Court accepts the Magistrate Judge's recommendations.

1. **John Doe defendants**

Plaintiff names five Taylor County officials as defendants in his suit—Sheriff Ricky Bishop, Sgt. Kevin Henry, Lt. Tony Pollock, Capt. Angel Gonzales, and Chief Tim Trawick—as well as "(30) unknown Jail employees" of the Taylor County Jail. The Magistrate Judge found that Plaintiff "alleges personal involvement on the parts of all Defendants except Bishop," who he sues as a policymaker.

But nowhere in Plaintiff's pleadings does he provide any factual allegations involving the 30 unidentified jail employee defendants. Rather, in his original complaint, Plaintiff merely states in conclusory fashion that they "violated Establishment Clause & Free Exercise of Religion Clause, 1st Amendment & RLUIPA." Dkt. No. 1 at 5. Moreover, Plaintiff did not respond to the Magistrate Judge's questions about the 30 unidentified jail employees. *See* Dkt. No. 12 at 8. The Magistrate Judge warned Plaintiff that in order to bring a claim against these 30 individuals, he had to allege facts showing that each personally violated his rights and that his failure to do so would result in the dismissal of the defendants. *Id.* Given the chance to provide facts to develop his claims against the unidentified defendants, Plaintiff chose to leave the question blank.

On this record, the Court cannot discern any factual allegations against the 30 unknown jail employee defendants. And Plaintiff's unsupported conclusion that the 30 unknown defendants violated his religious rights is insufficient to state a viable claim.

*Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995) (explaining that a civil-rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations). Moreover, the Magistrate Judge notified Plaintiff of the pleading defect, warned him that it could result in dismissal of these defendants, and gave him an opportunity to amend his pleadings to cure it. Dkt. No. 12. And still, Plaintiff chose not to provide any factual support for his claims. Thus, the Court finds that Plaintiff has failed to state a claim against the 30 unknown jail employee defendants, and they must be dismissed from this suit. *See* 28 U.S.C. § 1915A(b) (requiring the Court to dismiss a complaint if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915(e)(2)(B).

**2.     Conclusion**

For the reasons stated above, the Court finds that Plaintiff has failed to state a claim against the 30 unknown jail employee defendants listed in his original complaint. And as discussed in the findings, conclusions, and recommendation of the United States Magistrate Judge, Plaintiff's claim for compensatory damages for any mental or emotional injury is barred under 42 U.S.C. § 1997e, and any individual-capacity claims are not supported by RLUIPA. But Plaintiff's RLUIPA and policy claims against Sheriff Ricky Bishop, and his individual-capacity claims Sgt. Kevin Henry, Lt. Tony Pollock, Capt. Angel Gonzales, and Chief Tim Trawick for violation of his rights under the First and Fourteenth Amendments are enough to survive screening and will proceed to service of process.

Thus, the Court orders that:

(1) Plaintiff's claims against the 30 unknown jail employees and his RLUIPA claims against the defendants in their individual capacities are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

(2) Plaintiff's claim for compensatory damages for any mental or emotional injury is dismissed with prejudice as barred by 42 U.S.C. § 1997e.

(3) There is no just reason for delay in entering a final judgment and final judgment should be entered as to the above-described Defendants and claims pursuant to Federal Rule of Civil Procedure 54(b).

(4) The Court will enter a separate order directing service and requiring a response from Defendants Sheriff Ricky Bishop, Sgt. Kevin Henry, Lt. Tony Pollock, Capt. Angel Gonzales, and Chief Tim Trawick on Plaintiff's remaining claims under RLUIPA and the Free Exercise, Establishment, and Equal Protection Clauses of the United States Constitution.

All relief not expressly granted and any pending motions are denied.

Judgment under rule 54(b) will be entered accordingly.

So ordered.

Dated April 24, 2024.

JAMES WESLEY HENDRIX
United States District Judge

4