UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MENION MARQUIS SAMUELS,
Institutional ID No. 65190

                    Plaintiff,

v.

                 No. 1:23-CV-00132-H

KEVIN HENRY, *et al.*,

                    Defendants.

## SCHEDULING ORDER

Defendants have appeared and answered Plaintiff's civil-rights complaint for violations of his religious rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment. Dkt. No. 20. The Court now enters this scheduling order to govern completion of discovery, dispositive motions, and other pretrial matters.

In their answer, Defendants assert the affirmative defense of qualified immunity. But Plaintiff's RLUIPA and First Amendment claims are based on the same central facts. And because RLUIPA permits only claims for injunctive relief against government entities, qualified immunity does not apply. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 327–28 (5th Cir. 2009) (concluding that RLUIPA does not provide a private cause of action against defendants in their individual capacities, so "a qualified immunity . . . analysis [is] unnecessary").

The Court is mindful of the general rule that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation." *Ramirez v.*

*Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985)); *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009).  Ordinarily, that comes at the motion-to-dismiss stage.  Here, the individual defendants did not file a motion to dismiss before filing their answer.  Thus, the Court has not yet had an opportunity to rule on the immunity question with regard to these defendants.  *See* Fed. R. Civ. P. 12(b).

Ordinarily, a court may not "defer[] its ruling on qualified immunity and subject[] the immunity-asserting defendants to discovery in the meantime."  *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).  But "a district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue."  *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015).  Here, because the qualified-immunity question is inseparable from the central facts in Plaintiff's RLUIPA claim, the Court finds that a full scheduling order is appropriate.

### I.     Summary of Critical Deadlines and Dates

| | |
|---|---|
| Joinder of Parties (¶ 2) | **November 15, 2024** |
| Amendment of Pleadings (¶ 3) | **November 15, 2024** |
| Expert Designation (¶ 5) | **November 15, 2024** |
| Completion of Discovery (¶ 6) | **November 15, 2024** |
| Dispositive Motions (¶ 4) | **December 16, 2024** |
| Trial Date (¶ 1) | To be determined |

### II.     Scheduling Instructions

Pursuant to Fed. R. Civ. P. 16(b) and the local rules of this Court (except as modified herein), the Court finds that the following schedule should govern the disposition of this case.  Unless otherwise ordered or modified by this order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed.

1.    **Trial Date:** This case will be set for trial by separate order after all dispositive motions have been decided.  Once all dispositive motions have been decided, the Court will determine if a trial setting in April 2025 or later is possible.

2.    **Joinder of Parties:** By **November 15, 2024**, all motions requesting joinder of additional parties shall be filed.  Except when parties are joined by amendment pursuant to paragraph three of this order, parties may be joined only upon motion to the Court.

3.    **Amendment of Pleadings:** By **November 15, 2024**, all motions requesting amendments of pleadings shall be filed.  Plaintiff has already had the opportunity to amend his complaint as a matter of course during judicial screening of this case under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Any further motions to amend the complaint must include as an exhibit a complete amended complaint, which will supersede the existing complaint. Any motion to amend the complaint must specify the new or altered portions.  The deadline to file a response to an amended pleading is 21 days after the motion to amend is granted.

4.    **Dispositive Motions:** All motions that would dispose of all or any part of this case, including motions for summary judgment, shall be filed by **December 16, 2024**. Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 50 pages in length, excluding any table of contents and table of authorities.  *See* N.D. Tex. L. Civ. R. 56.3, 56.5(b).  The party filing a dispositive motion must, in a separate section at the beginning of the brief, identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket.

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix.  The appendix must be numbered sequentially from the first page through the last and include an index of all documents

included. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. Tex. L. Civ. R. 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix. No party may file more than one motion for summary judgment without leave of court. *See* N.D. Tex. L. Civ. R. 56.2(b).

If a motion for summary judgment is timely filed, the opposing party may file a response by **no later than 30 days** from the date shown on the certificate of service attached to the motion for summary judgment. Cross-motions for summary judgment shall not, except in extraordinary circumstances, be permitted to be filed after the dispositive-motion deadline.

Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer. If a dispositive motion becomes moot for any reason, such as the filing of an amended complaint or settlement, the moving party must notify the Court immediately.

5.    **Completion of Discovery:** By **November 15, 2024**, all discovery—including discovery concerning expert witnesses—shall be **completed**. The parties may agree to extend this discovery deadline, provided (a) the extension does not affect the dispositive-motions deadline or pretrial-submission dates; and (b) the parties give written notice of the extension to the Court. A later discovery deadline will not be an excuse to delay the deadline to file dispositive motions.

      a.    **Defendants' Disclosures:** Defendants shall disclose to Plaintiff all records of the incident forming the basis of Plaintiff's complaint, including but not limited to the following:

i. If Plaintiff alleges a medical claim—Plaintiff's medical records for the six-month period surrounding the incident date, which medical records shall include Plaintiff's records from any TDCJ unit at which he was given medical examination or treatment concerning the denial of medical care.

ii. If Plaintiff alleges an interference with mail—any mail records, including incoming and outgoing mail logs.

iii. Plaintiff's grievances filed for the six-month period before or after the incident date.

iv. If Plaintiff alleges an excessive-force claim—all internal-affairs investigation reports, witness statements, and a copy of the video, if any, that was made. Defendants may submit any sensitive or confidential information to the Court for an in camera review before complying with this provision.

v. All disciplinary and classification records for the six-month period surrounding the incident date.

vi. If Plaintiff alleges a medical/work claim—all work assignments and logs in addition to the medical and disciplinary records required above.

vii. If Plaintiff alleges any other claim—all records, including video or audio, pertaining to his claim.

b. **All parties** shall disclose the following:

i. The name and, if known, address or employment station of each person likely to have information that bears significantly on any claim or defense.

ii. As to each person named in response to paragraph (6)(b)(i) above, a brief summary of the substance of the information known by the person.

The Court expects the parties to work in good faith to resolve discovery disputes. Any motion to compel discovery other than the items described above or for a protective order must be filed by the later of (1) **November 15, 2024,** or (2) 15 days after the discovery response at issue was served or due to be served.

The disclosures described above are in lieu of the disclosures required by Rule 26(a)(1) and in consideration of Rule 26(a)(1)(B)(iv)'s exemption. There will be no further

discovery without leave of Court. In the event that any of the disclosures described above have already been made by the parties, those disclosures need not be repeated.

6.    **Mediation: Mediation:** If the parties decide to engage in private mediation, they must complete mediation by **February 5, 2025**. The Court may, on the motion of either party or on its own initiative, refer this matter for mediation with a United States Magistrate Judge of this Court.

7.    **Modification of Scheduling Order:** This order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b)(4). Conclusory statements will not suffice to show good cause, even if the motion is agreed or unopposed.

8.    **Compliance with this Order:** Counsel and the parties are expected to comply fully with this order. Failure to comply will cause the Court to consider the entire range of sanctions available.

So ordered on September 16, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE