UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MENION MARQUIS SAMUELS, Institutional ID No. 65190, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil No. 1:23-cv-00132-BU |
| SGT. KEVIN HENRY, LT. TONY POLLOCK, CAPT. ANGEL GONZALES, CHIEF TIM TRAWICK, and SHERIFF RICKY BISHOP, | § § § § § | |
| *Defendants.* | § | |

## **DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

Table of Contents.................................................................................................2

Index of Authorities .............................................................................................3

Introduction..........................................................................................................5

Argument and Authorities.....................................................................................6

    A.    Legal Standards for Summary Judgment....................................................6

    B.    Defendants are Entitled to Summary Judgment Because Plaintiff's Claims are Barred by Qualified Immunity.................................................................................8

    C.    Plaintiff's First Amendment and Title 42 RLUIPA Allegations Against Defendants are Barred by Qualified Immunity...........................................................10

Conclusion ........................................................................................................ 13

Certificate of Service ........................................................................................ 14

# INDEX OF AUTHORITIES

**Cases:**

*Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000) ................................................7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ..............................................................6

*Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083,
179 L. Ed. 2d 1149 (2011) .................................................................................................................8

*Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996) ............................................................................9

*Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)....................................................11

*Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015)..................................................................10

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986)........................................................6, 7

*Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)..........................................................9

*Crostley v. Lamar County, Tex.*, 717 F.3d 410, 422 (5th Cir. 2013) .................................................8

*Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) .......................................................................7

*Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).........................................................................7

*Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325, 326 (5th Cir. 1998)...........................................8

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ........................8

*Harris v. Serpas*, 745 F.3d 767, 771, (5th Cir. 2014) .......................................................................7

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ........................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 587 (1986)................................6, 7

*Matter of Lewisville Props., Inc.*, 849 F.2d 946, 950 (5th Cir. 1988)................................................7

*McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) .............................................8, 9

*Melton v. Phillips*, 875 F.3d 256, 265 (5th Cir. 2017)......................................................................9

*Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015)...........................9

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009)................8

*Piotrowski v. City of Houston*, 237 F.3d 578 (5th Cir. 2001).............................................................11, 12

*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)........................................7

*Shaw v. Villanueva*, 918 F.3d 414, 416-17, (5th Cir. 2019) ................................................7

*Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991) ....................8

*Thompson v. Upshur Cnty. Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)....................................................10

*Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015) ...........................................................12

*Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 408 (5th Cir. 2007)........................................9

## STATUTES AND RULES:

42 U.S.C. § 1983.............................................................................................................................11

Federal Rules of Civil Procedure 12(c) .........................................................................................5, 8

Federal Rules of Civil Procedure 56 ..........................................................................................5, 6, 8

Texas Civil Practice and Remedies Code § 101.001 .........................................................................6

MENION MARQUIS SAMUELS,                    §
Institutional ID No. 65190,                §
                                           §
    *Plaintiff*,        §
                                           §
                                           §
v.                                         §    Civil No. 1:23-cv-00132-BU
                                           §
SGT. KEVIN HENRY, LT. TONY POLLOCK,        §
CAPT. ANGEL GONZALES, CHIEF TIM            §
TRAWICK, and SHERIFF RICKY BISHOP,         §
                                           §
    *Defendants*.       §

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT and MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Sgt. Kevin Henry, Lt. Tony Pollock, Capt. Angel Gonzales, Chief Tim Trawick, and Sheriff Ricky Bishop file this Brief in Support of their Motion for Summary Judgment as authorized by FRCP 56 and alternative Motion for Judgment on the Pleadings per FRCP 12(c) and for cause would respectfully show as follows:

## INTRODUCTION

1.    In his pro se Complaint, Plaintiff asserts claims against Defendants for allegedly refusing to allow him access to his Kufi, prayer rug, prayer oil, and for refusing to provide Muslim religious services, TV programs or reading material *(Doc. 1, pg. 6)*. He also alleges that Defendants "tempted" him during Ramadan of 2023 by interrupting his fasting with meals, and that he was denied meal accommodation during Eid-Al-Fitr despite an advance request.

2.    The Defendants were individuals acting in the course and scope of their employment for Taylor County, Texas, a county office organized pursuant to the laws of the State of Texas.

3.      Taylor County, Texas is a governmental unit of the State of Texas pursuant to § 101.001(3)(B) of the Texas Civil Practice and Remedies Code.

4.      Defendants bring this Motion for Summary Judgment and Motion for Judgment on the Pleadings as set forth in this Brief in Support.

## ARGUMENT & AUTHORITIES

**A.      Legal Standards for Summary Judgment**

5.      Summary judgment is appropriate when the pleadings, depositions, answers, to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

6.      Facts are material only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" should not be considered by the Court in ruling on a summary judgment motion. *Id.*

7.      Generally, the party moving for summary judgment may discharge its burden to demonstrate the absence of a genuine issue of material fact by pointing out the lack of evidence supporting the nonmovant's case; however, the movant is not required to negate the elements of the nonmovant's case. *Celotex*, 477 U.S. at 323, 325. Once the moving party has made an initial showing that there is no evidence to support, or there is no genuine dispute as to a material fact essential to, the nonmovant's case, the burden shifts to the non-moving party to produce competent summary-

judgment evidence or designate specific establishing a genuine issue for trial. *Matsushita*, 475 U.S. at 586; *Allen v. Rapides Parish Sch. Bd.,* 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Regardless, as this Court has already noted in prior cases, once the affirmative defense of Qualified Immunity is raised, the burden of proof shifts to the Plaintiff to plead "facts that demonstrate liability and defeat immunity" and establish "that the official's allegedly wrongful conduct violated clearly established law." See *Shaw v. Villanueva*, 918 F. 3d 414, 416-17 (5th Cir. 2019); and *Harris v. Serpas,* 745 F.3rd 767, 771 (5th Cir. 2014) (citations omitted), respectively.

8.      To defeat summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. To the contrary, a nonmovant can avoid summary judgment only by presenting admissible evidence "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

9.      The nonmovant may not satisfy its burden by relying on naked assertions of dispute; rather, it must produce admissible evidence creating a fact issue as to each essential element of the claim. *Matter of Lewisville Props., Inc.*, 849 F.2d 946, 950 (5th Cir. 1988). Furthermore, mere conclusory allegations are not competent summary-judgment evidence and are therefore insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Likewise, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). If the nonmovant fails to meet its burden, the motion for summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

10.     Here, it is the Plaintiff's burden to prove the qualified immunity defense is unavailable as to each separate Defendant. A collective, conclusory assertion of violation of his constitutional rights are not the particular pleaded facts which demonstrate liability and defeat immunity. As such, we respectively submit and contend that the pleadings and admissible evidence available to the Plaintiff (assuming he will aver to his factual statements contained within his pleadings) do not defeat the affirmative defenses or support his alleged claims such that judgment is proper for the Defendants in all respects under FRCP 56 and FRCP 12(c).

**B.      Defendants are Entitled to Summary Judgment Because Plaintiff's Claims are Barred by Qualified Immunity.**

11.     It is well-settled that the doctrine of qualified immunity generally shields government officials from suit and liability for civil damages insofar as their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known. *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The doctrine of qualified immunity was established in part to reduce the deterrent effect that civil liability may have on the willingness of public officials to fully discharge their professional duties and avoid excessive disruption of government. *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998) (citations omitted). "To this end, qualified immunity serves to terminate a claim against a public official as soon as possible in a judicial proceeding, even before discovery." *Id*. (citing *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991)).

12.     Once the defense of qualified immunity is properly raised, the plaintiff bears the heightened burden to establish the inapplicability of the defense. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d 1149 (2011) (internal citations omitted); *Crostley v. Lamar County*, Tex., 717 F.3d 410, 422 (5th Cir. 2013) (quoting *McClendon v. City of Columbia*,

305 F.3d 314, 323 (5th Cir. 2002) (en banc)). The Fifth Circuit has made clear that such burden "requires more than conclusory assertions" and "requires claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir.1996)). "To establish the inapplicability of the qualified immunity defense, a plaintiff must satisfy a two-prong test." *Id*. First, the plaintiff must establish that the defendant(s) committed a violation of the plaintiff's constitutional or statutory rights. *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *City of Columbia*, 305 F.3d at 323). Second, the plaintiff must establish that the defendant's actions were "objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id*. The second prong of the qualified immunity standard "is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendant … was objectively unreasonable in light of … clearly established law." *Hare*, 135 F.3d at 326. "Although a case directly on point is not necessary, there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitely unlawful." *Melton v. Phillips*, 875 F.3d 256, 265 (5th Cir. 2017). That is, existing precedent must have placed the statutory or constitutional right beyond debate. *Id*. (citing *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015)). "Even if a defendant's conduct actually violates a plaintiff's constitutional rights, the defendant is entitled to qualified immunity if the conduct was objectively reasonable." *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 408 (5th Cir. 2007). To establish that the defendant's violation of the plaintiff's constitutional right was objectively unreasonable, the plaintiff must establish that *all* reasonable officials, under the circumstances at hand and given the clearly established constitutional right at issue, would have known that their

conduct violated the plaintiff's constitutional rights. *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015) (citing *Thompson v. Upshur Cnty.*, Tex., 245 F.3d 447, 457 (5th Cir. 2001).

**C.      Plaintiff's First Amendment and Title 42 RLUIPA Allegations Against Defendants are Barred by Qualified Immunity.**

13.      With regard to his First Amendment claims as to the Establishment Clause and Free Religious Exercise Clause, as well as his Title 42 RLUIPA claims against Defendants, Plaintiff appears to be claiming that the Christian faith is given priority over the Muslim faith in the Taylor County jail (Doc. 1, pg. 6).  He makes no specific allegation that he is being prevented from practicing his Muslim faith, but simply complains that he feels he does not have adequate access to religious articles, reading, and television programming, and therefore his claims against Defendants necessarily fail for lack of evidence.

14.      The Establishment Clause of the First Amendment prohibits government from passing legislation to establish an official religion or preferring one religion over another.  The general rule of Title 42, §2000cc-1 is that a substantial burden shall not be placed on the religious exercise of a person confined in an institution.

15.      Plaintiff's allegations indicate he believes the Christian faith is prioritized over the Muslim faith inside the Taylor County jail and that he is being denied access to articles important to his faith.   These allegations include claims that Christian reading material and television programming are more readily available than Muslim, that "various" Defendants "tempted" him during Ramadan in 2023 by bringing lunch to his cell, and that Defendants did not provide a meal for Eid-Al-Fitr.

16.      However, he provides no examples of other inmates being allowed to have Christian religious articles in their cells while he is unfairly denied, makes no mention in his complaint of the fact that a tablet system containing the Quran is available to all inmates, and ignores the fact that

Defendants do not control the programming broadcast by local television stations. Meals are brought to all inmates three times a day as part of the routine administration of the jail and no attempt was made to "tempt" or coerce him into eating meals while he was fasting.

17.     Plaintiff simply alleges that Defendants violated the Establishment Clause and the Free Religious Exercise Clause of the First Amendment and violated Title 42 RLUIPA. He makes no specific allegation of any rule or policy which he believes harmed him, or prevented his practice of the Islamic faith, and therefore his claims against Defendants must necessarily fail for lack of evidence. It appears the alleged violations are essentially that he is not satisfied with the Quran available to him on the tablet system - which is implied by the fact that he makes no mention of his access to the Quran in his complaint - and is upset that he is not allowed to have items such as a prayer rug or Kufi in his cell. Whatever the policies or failure therein, it does not rise to any constitutional harm on its face. Further, a policy allegation is more properly made to establish liability against the governmental entity itself, not an individual. Thus, Plaintiff's claims against Defendants fail as a matter of law.

18.     Even if Plaintiff's pleadings are broadly construed to include such a claim, there still is no liability. To establish municipal liability under § 1983, Plaintiff must establish the existence of an official policy that was the moving force behind the violation of a constitutional right. Even isolated unconstitutional actions by municipal employees will almost never result in municipal liability. *Piotrowski*, 237 F.3d at 578 (*citing Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)). Rather, and as the Fifth Circuit emphasized in *Piotrowski*, to hold the City liable under section 1983 a plaintiff must establish that the municipality's "official policy" -- not the policy of an individual city official -- was the "moving force" and actual cause of the loss of constitutional rights and any resultant

harm. *Piotrowski*, 237 F.3d at 578. Thus, the claims against Defendants fail as a claim against individual officials.

19. Finally, Plaintiff has alleged no facts to support his First Amendment claims that other faiths are given superior treatment – other than vague allegations of no Muslim religious service, and unequal access to religious reading material and television programming. Plaintiff also fails to provide any fact to support a claim that the Defendants' policy was the product of purposeful discrimination. Where a plaintiff contends that a policy caused the deprivation of his rights, the plaintiff must show that the municipal policymakers were purposeful in violating any constitutional rights. *See, e.g., Freeman v. Texas Department of Criminal Justice*, 369 F.3d 854, 862 (5th Cir. 2004) (citations omitted). Further, the Supreme Court has held that the 14th Amendment does not require that "every religious sect or group within a prison-however few in numbers-must have identical facilities or personnel." *Cruz v Beto*, 405 U.S. 319, 322 (1972).

20. Even if the facts alleged by Plaintiff establish that he is being denied access to Islamic religious services and items of faith, Plaintiff failed to establish that Defendants' Conduct was objectively unreasonable. There certainly is no case law cited by Plaintiff, nor will there be, wherein such conduct was objectively unreasonable in light of the circumstances and then-existing case law. Again, while Plaintiff need not present a case directly on point, Plaintiff must at least present authority "at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitely unlawful." *Vincent v. City of Sulphur*, 805 F. 3d 543, 547 (5th Cir. 2015). "Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case." *Id.* Regardless, the circumstances alone do not rise to any objectively unreasonable standard.

## <u>CONCLUSION</u>

21.     Plaintiff has failed to meet the heightened pleading and proof standard required to overcome the qualified immunity defenses asserted by the Defendants as alleged in his Complaint and all of his various pleadings filed herein.  Alternatively, Defendants are entitled to judgment on the pleadings as the facts alleged, even if true, do not support the Plaintiff's claims or defeat the affirmative defenses raised. For the foregoing reasons, the Court should grant this motion and dismiss all of Plaintiff's claims against Defendants.

Respectfully submitted,

James Hicks
Taylor County District Attorney
300 Oak Street, Suite 300
Abilene, Texas 79602
(325) 674-1261 Telephone
(325) 674-1306 Fax

By: /s/ Frank R. Stamey
   Frank R. Stamey
   Assistant District Attorney
   State Bar No. 19023900
   frank.stamey@taylorcounty.texas.gov


McMAHON SUROVIK SUTTLE, P.C.
P.O. Box 3679
Abilene, Texas 79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

By: /s/ Robert B. Wagstaff
   Robert B. Wagstaff
   State Bar No. 20665000
   rwagstaff@mcmahonlawtx.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument was filed electronically with the Court's electronic filing system on this 16th day of December, 2024, and served on the pro se Plaintiff via certified and first class mail in accordance with the Federal Rules of Civil Procedure and LR5.1 of the Northern District of Texas.

Menion M. Samuels, ID #65190  
Taylor County Adult  
  Detention Center  
910 S. 27th St.  
Abilene, TX 79602

**VIA CM/RRR 9589 0710 5270 0988 1968 91**  
**AND FIRST CLASS MAIL**

  /s/ Robert B. Wagstaff  
ROBERT B. WAGSTAFF