UNITED STATES DISTRICT COURT                                    p.1
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

FILED - USDC - NDTX - AB
JAN 15 2025 AM 10:45

MENION MARQUIS SAMUELS
Institutional ID NO. 65190,

        Plaintiff

v.                                          Civil NO. 1:23-cv-00132-BU

SGT. KEVIN HENRY, LT. TONY POLLOCK,
CAPT. ANGEL GONZALES, CHIEF TIM TRAWICK,
and SHERIFF RICKY BISHOP

TO THE HONORABLE JUDGE:

    Come NOW MENION MARQUIS SAMUELS, Plaintiff in the above numbered
cause, presenting an answer to defendants incorrect legal argument & presenting
elements to establish claims.

1) Defendants claim Qualified Immunity

a)        Deprivation of Rights Under Color of Law
                    Summary:

    Section 242 of Title 18 makes it a crime for a person acting under
color of any law to willfully deprive a person of a right or privilege
protected by the Constitution or laws of the United States. For the purpose
of Section 242, acts under "color of law" include acts not only done by
federal, State, or local officials within their lawful authority, but also acts
done beyond the bounds of that official's lawful authority, if the acts
are done while the official is purporting to or pretending to act in the
performance of his/her official duties. Persons acting under color of law
within the meaning of this statute include police officers, prisons guards
and other law enforcement officials, as well as judges, care providers in
public health facilities, and others who are acting as public officials. It is
not necessary that the crime be motivated by animus towards the race, color,

p. 2

I Menion Marquis Samuels swear by penalty of perjury, that the following is true and accurate to the best of my ability.

In 2018 I was arrested & brought to Taylor County Jail on a Tampering w/ Evid. Charge. While here I was called out by an unknown officer to discuss my "Special Tray" I was told by the officer I needed to accept the pork trays that were served. I told him I'm Muslim & would not accept pork as a meal. He told me I needed to take the tray, I again tried to explain Islam & what muslim meant, I would not accept a pork tray. The officer refused to accept my stand. At that time Cheif Tim Trawick walked around the coner. Once he seen me, he stopped the officer & told him, "Not this one."
    The officer again went into me taking pork trays, Cheif Tim Trawick cut him off again & said "not this one, I know him, he's Islam, he's a Muslim, he's gonna stick with it. The officer said o.k. and I was sent back to the tank (Housing area)
    About 10 mins. later I was told to roll it up, which meant being moved. I was then moved to the East Side, single housing area. I was not allowed in the dayroom to watch T.V. but 1 hr. a day, sometime 3 a.m., (Any time after 11 p.m.) at which time was my shower time & also the only time I could get hot water for coffee, or food. I was placed on Administrative Seg. Simply for being a muslim. If Plaintifs try to deny this, I was placed on East side from 8-30-18 to 3-22-19, & I was only let out once they no longer served pork at this facility.
    To my knowledge I never had a need to be "closely watched, & I was never a threat to myself or any one else." So I did not meet the need for Admin. Seg. Taylor County Singled me out because of Religion, which violates Establishment Clause.
    They countinuely accommadate 1 religion over another. At this current moment Taylor County Jail has a Horse trough up front, on the east side to allow Christains to be baptised. Baptism happens once, Muslims make Salah 5x's a day, yet I can not have my prayer rug in my property. Christmas meals are served every yr. I've been here, not 1 Eid-Al-Fitr meal, which under RLUIPA every Religion gets 1 meal a yr.
    These are Facts. Christianity is accommadated more.

p.3

~~Defendeds~~ Plaintiffs are claiming the Quran is on the tablet, & available to all inmates. However the Plaintiffs ²ⁿᵈDefended are completely wrong. The Quran is not on the tablet. The fact that the lawyer makes this claim means not only do the Plaintiffs not listen to me, but they have never checked for themselves if in fact The Quran is on the tablet. What the ~~Plaintiffs~~ ²ⁿᵈDefendants claim is the Quran is something called Koran & it's just someone talking about the Quran, I told Lt. Pollock that already. When I first got here (Taylor County Detention Center) My Quran was taken & it was Ramadan & I couldn't read the 30th, which is mandatory that you read during Ramadan. The Quran is broken up into 30 sections so that a muslim reads a section everyday & the entire Quran in the 30 days (Hence 30th) it is also known as the Juz (@ Jewelz) The Quran also has prostration marks "Sajda Marks" in the Quran. The Koran that is on the Tablet has neither Sajda or 30th marks so the taking of my Quran forced me to no longer be able to keep up with my religious obligations. Furthermore no one who pratices Islam could possibly read the 30th on the tablet even if it was on there because the allotted time is only 15 mins. every 3hrs. It takes time to find what you're looking for on the library, then they would have to have the sections marked so you know what day (Section, Ayat & Sura) you need to find, then start reading. No one could possibly do this in the manner the tablet is set up. I got here during Ramadan. I've had 3 here so it's been yrs. they had this knowledge & didn't change anything. Arrived (5/15/2022 Grievance)

I have never said my life was in danger, nor have I said anything about medical, so I have no idea what the plaintiffs are talking about in that regard.

Grievance accepted on 5/8/23 addressed issues concerning religious text. I was told the Sheriff would be notified & I would be notified when changes were made.

Now counsel for is telling me to site case law on something that was already accepted. The defendants accepted and never corrected the issues at hand. But it is fact Lt. Tony Pollock had me in his office I was showing him an Islamic Bookstore catalog, when the telephone rang & I was told it was Capt. Angel Gonzales, and he said I could not order out of the catalog with the money from my personal inmate account.

Cruz v. Beto, 405 U.S. 319, 322 n.2, 92 S.Ct. 1079

The book cart is 60% Christian books.

p. 4

Courts have ruled

Equal Protection cases have held that religious groups were not "similarly situated" and therefore the Equal Protection Clause afforded them no protection against unequal treatment. DeHart v. Horn, 390 F.3d 262, 272 (3d Cir. 2004) There are no Masjids in Abilene Tx. yet Abilene is in the record book for the most Churches. The religion is not "similarly situated" & saying Muslims can't have a service unless a volunteer comes, Knowing Someone would have to drive from Dallas in order to do so places a substantial burden on the "religious exercise" of a person confined to an institution.

EID-Al-Fitr is the closing of Ramadan    Ford v. McGinnis

~~Grievance on bloodwear~~

Muslim v. Frame
    Muslims & Kufi's, prison officials failed to produce evidence of cost that would result from performing additional searches, or evidence that Kufis were gang symbols or obstructions to identifying prisoners.
        Muslims were allowed to wear religious head gear at all times.
Ali v. Szabo, 81 F. Supp 2d 447, 470    Hyde v. Texas Dept. of Criminal Justice 948 F. Supp.
    Sheriff prohibition on Kufis where he put forward no legitimate purpose for the policy.

RLUIPA provide for liability for government agencies or persons acting under "color of law" 42 U.S.C. 2000 cc-5(4)(A),
    42 U.S.C. 2000 bb-2(1) & affects questions brought under 42 U.S.C. 1983
    So plaintiff claim of immunity does not apply. RLUIPA applies to all prisons & jails the Plaintiffs are clearly agents acting und

    As to cost, the statutes themselves say they "may require a government to incur expenses in its own operation to avoid imposing a substantial burden on religious exercise, which should limit officials' ability to use cost as a reason not to accommodate your religious exercise.
Lt. Tony Pollock, Lt. Moore & Lt. McQuade have all told me they have spoke to ppl. in Dallas & all of them want to be accommodated, & Taylor County will not pay anyone to come even though they would have to drive 3hrs. 1 way be here for 1hr. Service, & drive back, almost 8hrs. (A job) with not even reimburstment of gas. Memorial Hospital v. Maricopa County, 415 U.S. 250, 263-69 94 S.Ct. 1076

p.5

Grievance accepted on 5/11/23

Hyde v. Fisher, 146 Idaho 782, 798-99, 203 P. 3d 712 (App. 2009)
Native American group must be allowed to have services with a
prison staff member supervising where an outside volunteer proved
impossible to find.
    So Jamaha is mandatory but not 1 service has been
allowed here at Taylor County Detention Center.
   In one recent decision under RLUIPA, the court upheld a requirement
that congregate services be directed by a prison-affiliated chaplin, or
an outside sponsor, allowing inmates to serve as "Facilitators" only
if the religion is "known" outside the institution." Islam is known
outside the institution. Jova v. Smith, 582 F.3d 410, 417 (2d Cir. 2009)

    Sossamon v. Lone Star State of Texas, 560 F.3d 316, 331-37 5th Cir. 2009
Exclusion of prisoner from woops worshipping in chapel with cross and
altar was not shown to be the least restrictive alternative under RLUIPA

Vanscoy v. Hicks, 691 F. Supp. 1336, 1337-38 (damages awarded
for exclusion from religious services) Molley v. County of Erie, 776
F. Supp. 715, 741-42   Harris v. Lord, 957 F. Supp. 471, 474-75
   Denial of Religious services on a single occasion, without justification
violated both First Amendment & RLUIPA

   (d) Abdul Jabbar-al Sam ad v. Horn, 913 F. Supp 373, 374-76
(requirement of outside leaders for religious services raised a First
Amendment claim.

   This was mailed 1/14/25

DeHart v. Horn 390 F. 3d 262  272  3d Cir. 2004

Ford v. McGinnis

Muslim v. Frame, 891 F. Supp
Ali v. Szabo 81 F. Supp 2d 447, 470
Hyde v. Texas Dept. of Criminal Justice 948 F. Supp
42 U.S.C 2000cc-5(4)(A)
42 U.S.C. 2000 bb-2(i)
Memorial Hospital v. Maricopa County 415 U.S. 250, 263-64 94 S.Ct. 1026
Hyde v. Fisher Idaho 782, 798-99, 203 P. 3d 712 (App. 2009)
Joud v. Smith, 582 F. 3d 410, 417 (2d Cir. 2009)
Sossamon v. Lone Star State of Texas 560 F.3d 316, 331-37 5th Cir 2009
Vanscoy v. Hicks, 691 F. Supp. 1336, 1337-38
Nolley v. County of Erie, 776 F. Supp. 715, 741-42
Harris v. Lord, 957 F. Supp 421, 474-75
Abdul Jabbar-al-Samad v. Horn, 913 F. Supp. 373, 374-76

FOREVER / USA

14 JAN 2025
ABILENE TX
795

INMATE CORRESPONDENCE

Merion Marquis Samuels #65190
910 S. 27th
Abilene Tx. 79602

RECEIVED

JAN 15 2025

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

United States District Court
Northern District of Texas
P.O. Box 1218
Abilene Tx. 79604

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

FSC
MIX
Envelope
FSC® C137131

© USPS 2022