UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MENION MARQUIS SAMUELS,
Institutional ID No. 02604469

                    Plaintiff,

v.                                                                 No.  1:23-CV-00132-H

KEVIN HENRY, *et al.*,

                    Defendants.

## **AMENDED PRETRIAL NOTICE AND ORDER**

The Court amends its Pretrial Notice and Order, Dkt. No. 44, to modify the pretrial deadlines as follows:

| Event | New Deadline |
|---|---|
| Initial Designation of Experts for party with burden of proof | July 31, 2026 |
| Responsive Designation of Experts for party without burden of proof | August 7, 2026 |
| Rebuttal Expert Designations | 21 days after disclosure by other party |
| Challenges to Experts | August 21, 2026 |
| Joint Pretrial Order by Plaintiff's attorney | August 24, 2026 |
| Witness Lists | August 24, 2026 |
| Motions for writ of habeas corpus ad testificandum for incarcerated witnesses | August 10, 2026 |
| Exhibit List and Deposition-Testimony Designations | August 24, 2026 |
| Parties' exchange of electronic exhibits | 14 days before trial |
| Proposed Jury Charge and Verdict Form agreed to by all parties, to the maximum extent possible | August 31, 2026 |
| Proposed voir dire questions | August 31, 2026 |
| Motions in limine | August 31, 2026 |
| Trial briefs, if any | September 7, 2026 |

1

1.      **Trial Date:**  This case is set for a jury trial on this Court's civil trial docket beginning September 14, 2026 in Abilene, Texas.[1]  The trial will not be postponed or continued except on written motion establishing exceptional circumstances and in compliance with Northern District of Texas Local Civil Rule 40.0.

2.      **Experts:**

    a.  **Initial Designation of Experts:**  Unless otherwise stipulated or directed by order, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before July 31, 2026.

    b.  **Responsive Designation of Experts:**  Each party without the burden of proof on the issue subject to expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before August 7, 2026.

    c.  **Rebuttal Experts:**  If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made within 21 days after the disclosure made by the other party.

    d.  **Challenges to Experts:**  Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed by no later than August 21, 2026.

3.      **Pretrial Materials:**

    a.  **Pretrial Order:**  A joint pretrial order shall be submitted by the plaintiff's attorney by August 24, 2026.  The pretrial order shall address each of the matters listed in Local Rule 16.4 and state the estimated length of trial.  If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate).  Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is not an excuse for submitting

---

[1] This case will be set with other civil trials, to begin after the Court's criminal trials have concluded for the month.  When the Court knows a definite trial date, it will notify the parties.  There will be no docket call.

separate pretrial orders.  When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.  The proposed pretrial order must be transmitted to the electronic address used for receipt of proposed orders (Hendrix_Orders@txnd.uscourts.gov).

b.  **Witness List:**  Each party must file a list of witnesses who may be called by each party in its case in chief by August 24, 2026.  Each witness list shall contain a brief narrative summary of the testimony to be elicited from each witness, state whether the witness has been deposed, and note whether the witness's testimony at trial is probable, possible, expert, or record custodian.  If a witness's deposition will be used in lieu of live testimony, the proffering party must also specifically state why that witness is "unavailable" as defined by Federal Rule of Civil Procedure 32(a)(4).  If any witness needs an interpreter, please note this on the witness list and arrange for an interpreter to be present at trial.  If any witness is incarcerated, a motion for writ of habeas corpus ad testificandum must be filed **no later than August 10, 2026.**

c.  **Exhibit List and Deposition-Testimony Designations:**  A list of exhibits, including demonstrative exhibits, and a designation of portions of depositions to be offered at trial shall be filed by each party by August 24, 2026.  The list of exhibits shall describe with specificity the documents or things in numbered sequence.  The documents or things to be offered as exhibits shall be numbered by attachment of labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit.

Each party's exhibit list shall be accompanied by a written statement, signed by counsel for each party, and state that, as to each exhibit shown on the list, either (i) the parties agree to the exhibit's admissibility; or (ii) the admissibility of the exhibit is disputed, identifying the nature and legal basis of any objection and the name of the objecting party or parties. All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists.  The Court may exclude any exhibit offered at trial if such a statement regarding the exhibit has not been filed timely.  In addition, objections not identified in the statement may be waived.  A list of each party's exhibits to which no objection will be lodged (preadmitted) must be submitted at the pretrial conference.  The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

Unless both parties agree to an electronic exchange of exhibits, counsel for each party intending to offer exhibits shall deliver a set of marked exhibits with opposing counsel at least 14 days before trial.  Regardless of whether the parties have agreed to electronic exchange, counsel for all parties shall deliver two sets of marked exhibits to the Lubbock Division's Clerk's Office, marked to the attention of Judge Hendrix's chambers.  Exhibits are to be placed in three-ring binders, the front of the binder is to be labeled

with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers.  The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench.

The parties shall coordinate with each other to deliver to the Court one set of deposition designations in the form of highlighted transcripts placed in three-ring binders.  The front of each binder is to be labeled with the style of case, case number, name of the filing party, and volume number, and the spine of each binder should be labeled with the depositions contained therein.  Deposition designations to which neither side objects shall be highlighted in green.  Plaintiff shall use yellow highlighting for his designations to which defendant objects, and defendant shall use blue highlighting for his designations to which plaintiff objects.  So that the copies are not overly cumbersome, the parties shall use condensed transcripts and shall print on both sides of the page.  Electronic copies of the highlighted transcripts in .pdf form shall be e-mailed to Chambers.

d. **Jury Charge:**  The parties shall file a joint proposed jury charge and verdict form, agreed to by all parties to the maximum extent possible, no later than August 31, 2026.  The parties shall simultaneously email the agreed proposed jury charge and verdict form in Word format to the Court at Hendrix_Orders@txnd.uscourts.gov.  Counsel for plaintiff(s) is responsible for typing, collating, and otherwise preparing, filing, and serving the final document, but, if no plaintiff is represented by counsel, counsel for defendant(s) must assume this responsibility.  All proposed jury instructions and questions must be accompanied by citation to statutory or case-law authority and/or pattern instructions, and the Court advises the parties to rely, wherever possible, on U.S. Supreme Court and/or Fifth Circuit authority and pattern instructions or relevant state law authority and pattern instructions.

The Court expects the parties to engage—in person, by telephone, or via video teleconference—in meaningful discussions to reach agreement on each portion of the proposed jury charge and verdict form.  When a disagreement persists, those portions of the joint proposed jury charge that are proposed by any plaintiff, but objected to by any defendant, must be underlined.  Those portions of the jury instructions or questions that are proposed by any defendant, but objected to by any plaintiff, must be in boldface.  Competing versions of instructions or questions on the same topic must appear sequentially in the joint proposed jury charge and verdict form, with a plaintiff's version listed first and a defendant's version listed second.  To the extent that the joint proposed jury charge and verdict form includes any disputed portions, each party must also file a brief in support of its legal positions regarding the disputed portions of the joint proposed jury charge and verdict form.

If supplemental jury instructions or questions become necessary due to the nature of the evidence presented at trial, any proposed supplemental instructions or questions must be filed with the Clerk of Court as soon as reasonably possible and simultaneously emailed in Word format to the Court at Hendrix_Orders@txnd.uscourts.gov.

e.  **Voir Dire:**  The parties must submit proposed voir dire questions, if any, by August 31, 2026.  The Court will conduct the principal voir dire, and, unless the parties are otherwise notified, the Court will permit one attorney per side to ask follow-up questions, usually subject to a 20-minute time limit.  The Court does not routinely use jury questionnaires or surveys, but the Court will consider requests for the issuance of a jury questionnaire if all parties agree on the proposed questions for the Court to include and the proposed questions are submitted to the Court no later than August 31, 2026.

f.  **Motions in Limine:**  Motions in limine should not be filed as a matter of course.  If filed, counsel must file them with the Court and serve them on the opposing party by August 31, 2026.  Responses must be filed with the Court and served on the opposing party by September 7, 2026.  Replies to responses are not permitted except by leave of court in extraordinary circumstances.  Motions in limine must be limited to matters that meet the following requirements: (1) the matter cannot adequately be raised by an objection at trial without prejudicing the moving party, and (2) the prejudice of mentioning the matter in the jury's presence cannot be cured by an instruction from the Court.  Motions in limine must include neither "standard" requests not tailored to a case-specific matter nor issues presented in an effort to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.

g.  **Trial Briefs:**  Absent a specific order by the Court, trial briefs are not required in jury cases but are welcomed.  Any trial brief should be filed by September 7, 2026 and should rely on U.S. Supreme Court and Fifth Circuit authority or relevant state-law authority to address issues the parties anticipate will arise at trial.  In any trial, the Court also welcomes short trial briefs filed by the parties during trial to address any unanticipated issues that arise.

If trial is to the Court (in whole or in part), each party must, no later than August 31, 2026, file and serve a trial brief, not to exceed 30 pages (excluding any table of contents and table of authorities), describing the legal and factual bases for any claim, defense, or issue on which the party has the burden of persuasion.  No later than September 7, 2026, any opposing party must file and serve a trial brief, not to exceed 30 pages (excluding any table of contents and table of authorities), responding to the trial briefs filed by its opposing parties on any claim, defense, or issue

on which the burden of persuasion lies with any of its opposing parties. Each trial brief shall be accompanied by that party's proposed findings of fact and conclusions of law.

4.      **Pretrial Conference:**  A pretrial conference will be held if the Court determines such a conference is necessary.  If the Court anticipates imposing time limits on the presentation of evidence that significantly reduces the parties' estimated trial length, the Court will schedule a pretrial conference and advise the parties of such deadlines.  Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend.  Fed. R. Civ. P. 16 (c)(1) & (e).  Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial.  *Id.*  All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed.  At the pretrial conference, it should be possible to assign a specific date for trial during the three-week docket.  Telephone calls about the probable trial date prior to the final pretrial conference will not likely be beneficial to counsel or Court staff.

5.      **Trial Procedures:**  Unless leave of court is obtained, the Court will limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination.  The redirect and recross must be limited to the subject of the immediately preceding examination.  The Court adheres to the scope of cross-examination as outlined in Federal Rule of Evidence 611(b).  Local Civil Rule 83.4 governs the conduct of counsel at trial.

Each party is responsible for keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case.  If the

parties have electronic evidence they intend to admit as exhibits and send to the jury room, the parties must bring the necessary equipment to view it in the jury room.

So ordered on May 18, 2026.

James Wesley Hendrix
United States District Judge