UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MENION MARQUIS SAMUELS,<br>Institutional ID No. 65190,<br><br>*Plaintiff*,<br><br>v.<br><br>SGT. KEVIN HENRY, LT. TONY POLLOCK, CAPT. ANGEL GONZALES, CHIEF TIM TRAWICK, and SHERIFF RICKY BISHOP,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil No. 1:23-cv-00132-H |

**DEFENDANTS' EXHIBIT LIST**

1. Grievance re: Ramadan and Eid-Al-Fitr Bates-numbered as DEFS 5-7, 11;
2. Discipline records for Plaintiff Bates-numbered as DEFS 27-40;
3. Plaintiff's grievance about his property Bates-numbered as DEFS 66;
4. Plaintiff's grievances about religious property and legal issues Bates-numbered as DEFS 68-73;
5. Plaintiff's grievance about legal issues Bates-numbered as DEFS 74-77;
6. Plaintiff's grievance about Ramadan Bates-numbered as DEFS 78-80;
7. Plaintiff's grievance about Eid-Al-Fitr Bates-numbered as DEFS 81-83;
8. Plaintiff's grievance about religious issues Bates-numbered as DEFS 84-87;
9. Plaintiff's grievance about religious services Bates-numbered as DEFS 90-91;
10. Plaintiff's grievance about legal issues Bates-numbered as DEFS 94-95;
11. Plaintiff's grievance about the Qur'an tablet system Bates-numbered as DEFS 96;
12. Plaintiff's grievance about legal issues Bates-numbered as DEFS 103-115;

13. Plaintiff's inquiry about his property and Ramadan Bates-numbered as DEFS 117-118;
14. Plaintiff's grievance about his legal issues Bates-numbered as DEFS 121;
15. Plaintiff's grievance about his property Bates-numbered as DEFS 135;
16. General communications with Sgt. Spells Bates-numbered as DEFS 137-138;
17. Plaintiff's grievance about his legal issues Bates-numbered as DEFS 141;
18. Plaintiff's inquiry about buying items Bates-numbered as DEFS 142;
19. General communication to Lt. Pollock Bates-numbered as DEFS 143;
20. Plaintiff's communication about buying Islamic materials Bates-numbered as DEFS 149;
21. Plaintiff's grievance about the Qur'an tablet system Bates-numbered as DEFS 151;
22. Plaintiff's grievance about holding mail Bates-numbered as DEFS 155;
23. Plaintiff's communication about holding mail Bates-numbered as DEFS 157;
24. Plaintiff's grievances about food portions and his legal issues Bates-numbered as DEFS 168-177;
25. Plaintiff's communications on religious services Bates-numbered as DEFS 213;
26. Plaintiff's communication about Ramadan Bates-numbered as DEFS 227;
27. Plaintiff's grievances from the Taylor County Adult Detention Center Bates-numbered DEFS 1-14 and DEFS 66-237;
28. Plaintiff's property list from Taylor County Adult Detention Center Bates-numbered DEFS 238-245;
29. Plaintiff's Release Report from Taylor County Adult Detention Center Bates-numbered DEFS 246-258;
30. Taylor County Adult Detention Center handbook Bates-numbered DEFS 41-62;
31. Texas Jail Standard regarding equitable treatment Bates-numbered DEFS 63; and
32. Taylor County Sheriff's Office policy on religion Bates-numbered DEFS 64-65.
33. Defendants' combined produced documents – DEFS 1-258.

After receiving the Plaintiff's exhibit list, Defendants object to Plaintiff's Exhibits 73-74 and Exhibits 77-84 as being legal statutes and legal codes and therefore improper as exhibits for jury publication or review as only this Court may instruct the jury on the law and legal standards. Further, these statutes, some of which are from other states and are not timely as irrelevant as they do not govern the Defendants' actions, nor are they probative of established law at the time of any alleged acts or violations, especially since some were enacted during Plaintiff's detention. Finally, they do constitute hearsay subject to the Court taking judicial notice that they are in fact, what they purport to be, but that would not change the relevance issue.

Defendants have no objection to Plaintiff's Exhibits 75-76 if they are offered for demonstrative purposes only as they are by definition demonstrative to show the jury what the TCDC took from the Plaintiff and did not allow in his cell or in his possession while detained.

Many emails were exchanged conferring over the respective exhibit lists and objections and to the extent necessary, we will continue to confer as needed on all pre-trial matters.

The Defendants hereby reserve the right to use such exhibits and demonstrative aids as necessary in rebuttal or for impeachment purposes as necessary.

Respectfully submitted,

James Hicks
Taylor County District Attorney
300 Oak Street, Suite 300
Abilene, Texas 79602
(325) 674-1261 Telephone
(325) 674-1306 Fax

By: /s/ Frank R. Stamey
Frank R. Stamey
Assistant District Attorney
State Bar No. 19023900
frank.stamey@taylorcounty.texas.gov

McMAHON SUROVIK SUTTLE, P.C.
P.O. Box 3679
Abilene, Texas 79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

By: /s/ Robert B. Wagstaff
Robert B. Wagstaff
State Bar No. 20665000
rwagstaff@mss.law

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the above and foregoing instrument was filed electronically with the Court's electronic filing system on this 27th day of August, 2026, and served on all counsel in accordance with the Federal Rules of Civil Procedure and LR5.1 of the Northern District of Texas.

/s/ Robert B. Wagstaff
ROBERT B. WAGSTAFF